DODDER *et al.* v. MOBERLY.

No. 547.    Opinion Filed March 21, 1911.

(114 Pac. 714.)

1. **APPEAL AND ERROR—Review—Changing Theory of Case.** Where, in an action by sureties to obtain indemnity against the debt or liability for which they are bound, before it is due, pursuant to Wilson's St. sec. 4722, an attachment is issued and levied on crops as the property of defendant, and the cause is tried on a theory involving the tacit concession that the property attached belonged to defendant, they will not be permitted in this court to obtain a reversal of the judgment upon a theory involving a denial of that fact.

2. **ATTACHMENT—Dissolution—Mortgage on Property.** Where, on the trial of an interplea, the jury found for the interpleader, in effect, that the property attached was covered by his mortgage; that neither plaintiffs nor the sheriff, before levying the writ, had paid or tendered to him the amount of the debt and interest thereby secured, as provided by Snyder's St. Okla. 1909, secs. 4431, 4432, held, that it was the duty of the court to dissolve the attachment, order the property returned, and tax plaintiffs with the costs of both proceedings.

3. **PRINCIPAL AND SURETY—Action by Sureties to Obtain Indemnity.** Where, in an action by sureties to obtain indemnity against the debt or liability for which they are bound, before it is due, pursuant to Wilson's St. Okla. sec. 4722, held, that plaintiffs as sureties were not entitled to recover judgment against defendant for the amount of the liability for which they were bound; the same being by them unpaid.

(Syllabus by the Court.)

*Error from District Court, Custer County; Jas. R. Tolbert, Judge.*

Action by Homer R. Dodder and others against W. T. L. Moberly, in which R. J. Shive intervenes. From the judgment, plaintiffs bring error; defendant and intervenor prosecuting a cross-appeal. Reversed, with directions.

*Holcombe · & Bulow,* for plaintiffs in error.
*R. J. Shive,* for defendant in error and interpleader.

TURNER, C. J. On December 30, 1907, Homer R. Dodder and John Smith, plaintiffs in error, sued W. T. L. Moberly, defendant in error, in the district court of Custer county. Their petition substantially states that, on August 31, 1904, defendant entered into a contract of lease with Rufus Gilbert, a Cheyenne Indian, under supervision of an Indian agency, for the S. E. ¼ of section 8, township 12, range 17, for a term of five years beginning January 1, 1905; that the annual rent reserved was $60, payable semi-annually in advance, in addition to which defendant agreed to put as improvements on said land by the end of the third year a three-room house worth $350, a well or cistern worth $25, and build 320 rods of wire fence worth $80, amounting in all to $455; that plaintiffs became sureties for defendant for the faithful performance of said contract, which they file as an exhibit to their petition. They charge that defendant has failed, neglected, and refused to make said improvements; that the United States Indian agent has notified them that they are held liable for the faithful performance of said contract, and that they have requested defendant to indemnify them against loss by reason of his failure, which he has refused to do. They allege grounds for attachment, and pray that defendant be required to indemnify them against loss by reason of said suretyship, and upon his failure to do so they have judgment against him · for $455, and for general relief. At the same time plaintiffs caused an order of attachment to be issued, which was levied on a lot of corn, hay, and cotton, as the property of defendant grown that year on said land.

On December 30th defendant, after general denial, answered, admitting the lease contract and suretyship; that he had not made the improvements required by the lease, but that his failure so to do was caused by plaintiffs' suit. On the next day he filed a motion to dissolve the attachment on the grounds, among others, that the levy was void, in that:

"The property attempted to be attached is covered by chattel mortgages, and the sheriff nor the plaintiffs have not paid said mortgages, nor deposited the amount due thereon with the county treasurer, as required by law."

—and that the attached propery was exempt, as shown by affidavits thereto attached.

On February 3, 1908, an order of sale issued, the property was sold, and the proceeds, $247.35, lodged in the registry of the court.

On March 3, 1908, Geo. A. Meacham intervened and claimed two-thirds of the proceeds of the property on the ground that he had cultivated the land for the season of 1907 as tenant of defendant, and had raised the crops attached. To this a demurrer was sustained, and Meacham passed out of the case.

On February 17, 1908, R. J. Shive, defendant in error, interpleaded by leave of court and claimed the attached property by virtue of a chattel mortgage thereon, made, executed, and delivered to him by defendant to secure a debt of $75, and duly filed for record prior to the time said order of attachment came into the hands of the sheriff for service, and alleged:

"* * * That neither the sheriff nor the plaintiffs in this case, nor any other person, paid off said indebtedness, nor did they deposit the amount thereof, nor any sum whatever, with the county treasurer before they attempted to attach said property, as the law requires them to have done; that your petitioner has demanded possession of said property from the sheriff, who has refused to deliver same to him."

—and prayed:

"* * * That the attachment be dissolved, and that said property be restored to the possession of the said R. J. Shive."

For answer to this interplea, after a general denial plaintiffs admitted the execution and delivery of the said note and mortgage, but denied that the same was prior to their attachment, denied that it covered the crops attached, and alleged that the parties thereto had full knowledge of the attachment at the time it was filed for record.

Upon the issues thus joined, on March 28, 1908, there was trial to a jury and verdict for plaintiffs, sustaining the attachment; for Shive, intervenor, sustaining his interplea, and finding that the corn and hay were exempt. After verdict plaintiffs moved the court to apply all moneys in the hands of the clerk arising from the sale of the property, to the satisfaction of their claim, which was overruled and judgment rendered, in which the court sustained the motion of defendant and intervenor, filed after judgment, dissolved the attachment as to the corn and hay, sustained it as to all the other property, ordered the mortgage of Shive, intervenor, paid out of the proceeds of the sale of the corn and hay, the balance of the money derived from the sale returned to defendant, the cost paid out of the money from the cotton, and the balance arising from the sale of the attached property held by the clerk, subject to the further order of the court, "to indemnify the plaintiffs by reason of their suretyship for the defendant on the bond. * * *" To which all parties excepted, and the cause is now before us for review by proceedings in error commenced by plaintiffs in this court, and the cross-appeal of defendant and Shive, intervenor.

Plaintiffs base their action on Wilson's Statutes of Okla. of 1903, § 4722, which reads:

"A surety may maintain an action against his principal, to obtain indemnity against the debt or liability for which he is bound, before it is due, whenever any of the grounds exist, upon which, by the provisions of this Code, an order may be made for * * * an attachment."

—and contend that:

"When Moberly did the unlawful act of subleasing the land

he forfeited his interest in the crops, and his mortgage to Shive was absolutely void and conveyed no interest and created no lien. Likewise when his interest was forfeited he was not entitled to have any of the crops set apart to him as exempt. He forfeited every vestige of title he had in them by his unlawful acts."

—and for that reason they say the court erred in overruling their motion to turn over to them the proceeds of the attached property on failure of defendant to indemnify them.

As the lease to Moberly reads:

"That he will not at any time during the period for which said land and premises are herein leased, assign, lease, convey, or transfer any of his or their estate, interest or term, or any part thereof in the same, or in the appurtenances thereto, or sub-let the same to any person or persons whomsoever, without the consent thereto of the party of the first part in writing being first thereto obtained and the same approved by the Secretary of the Interior."

—there is no doubt that when he subleased the land to Meacham without consent of the Secretary of the Interior the contract or sublease was void, under which he could not be heard to assert property rights. *Megreedy v. Macklin*, 12 Okla. 666, 73 Pac. 293; *Reeves v. Sheets*, 16 Okla. 342, 82 Pac. 487; *Mayes v. Live Stock Ass'n*, 58 Kan. 712, 51 Pac. 215. But to the doctrine that thereby Moberly forfeited his interest in the crops grown on the land by Meacham as sublessee, and having no title therein, his mortgage to Shive of said crops was void, and for want of title he can claim no exemption therein, we cannot subscribe, for the reason that plaintiffs cite no authority in support thereof, and we can find none. Rather are we of opinion that, as the cause was tried on the theory that said crops were the property of Moberly and were attached as such, and the jury in sustaining the attachment under proper instructions of the court based on that theory so found, and it was not until after verdict that the contrary was urged, plaintiffs must be held to that theory of the case, and cannot be permitted to change front after being beaten on ground of his

own choosing. *Samuel Wattenbarger v. H. J. Hall,* 26 Okla. 815, 110 Pac. 815; *Bray's Adm'r v. Seligman's Adm'r,* 75 Mo. 31.

On the part of Shive, the interpleader, it is contended that the court erred in overruling his motion to dissolve the attachment, made after the jury had by their verdict sustained his interplea. In this we concur. On the coming in of the verdict, the jury, in effect, having found that the attached property was covered by the prior mortgage of Shive; that neither plaintiffs nor the sheriff, before levying the writ, had paid or tendered to him the amount of the debt and interest thereby secured, or deposited said money with the county treasurer to his order, as provided by Snyder's Stats. of Okla. of 1909, §§ 4431, 4432, it was the duty of the court, *sua sponte* (18 En. Pl. & Pr. 431), to dissolve the attachment, order the property returned, and tax plaintiffs with the cost of the attachment and the cost of the interplea. This for the reason that, as Shive had a prior lien on the property, the plain letter of the statute was violated by the levy. *Ellis v. Smith,* 25 Okla. 234, 105 Pac. 653; *Moore v. Calvert et al.,* 8 Okla. 358, 58 Pac. 627. As it was, the court dissolved the attachment only as to the corn and hay, for the reason that the jury found the same to be exempt. He should have gone further, as indicated.

The court did not err in refusing to require defendant to indemnify plaintiffs for $455, the amount of their liability, within 10 days from the date of the judgment, or, upon his failure so to do, that plaintiffs have and recover against defendant said amount, for the reason that plaintiffs have cited no authority in support of their contention that they were entitled thereto, and we can find none. It is unnecessary to consider the remaining assignments of error.

The judgment is reversed, with directions to the trial court to enter judgment in accordance with this opinion.

All the Justices concur.