## JOHNSON v. YOUNG et al.

No. 4202.  Opinion Filed July 13, 1915.

(150 Pac. 664.)

**MORTGAGES — Foreclosure — Burden of Proof — Affirmative Defense.**
Where, in a suit upon a promissory note and for the foreclosure of a real estate mortgage given to secure the payment thereof, the execution and genuineness of the instruments is conceded by the defendants, and their answer sets up only defensive matter, the burden of proof is upon them to establish their defense; and it is error for the trial court to enter judgment in their favor, in the absence of any evidence by either party.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Jesse W. Johnson, administrator of the estate of E. H. Johnson, deceased, against Martin Young and another. Judgment for plaintiff for less than amount claimed, and plaintiff brings error. Reversed and remanded.

*Reardon & Hereford,* for plaintiff in error.

KANE, C. J.  This was a suit upon a promissory note and to foreclose a real estate mortgage given to secure payment thereof, commenced by Jesse W. Johnson, administrator of the estate of E. H. Johnson, deceased, against Martin Young and Fanny Young. The petition was in the usual form. The answer admitted that Martin Young and Fanny Young signed said note and mortgage by mark, being unable to read and write, and further alleged that at the time of signing said instrument its contents were not read or explained to them; that at the time said note and mortgage were executed they borrowed the sum of $97.30 from said decedent, and although they signed said note and mortgage, they did so under the belief that said $97.30 was the amount therein stipulated; whereas, said

note and mortgage show upon their face that they were executed for the sum of $360; that during the years 1909 and 1910 they made payments on said sum of $97.30 approximating $86. They admit they owe said estate said sum of $97.30, with interest, less $86, for which they confess judgment. The reply was a general denial. When the cause was reached for trial, the plaintiff called as a witness the notary public who acknowledged the mortgage, who testified that the mortgage was signed by Martin Young and Fanny Young in the presence of himself and Francis Young, and that he acknowledged the same as a notary public; that it was executed for the sum shown upon its face, to wit, the sum of $360. Thereupon counsel for defendants stated:

"We admit what purports to be the signatures; we say we didn't know the contents; we don't deny that this is the instrument they signed, or what purports to be the instrument."

Thereupon counsel for plaintiff offered the mortgage in evidence. Thereupon counsel for defendants objected— "for the reason that it is incompetent, irrelevant, and immaterial and does not come within the rule of the law requiring the signature, where it is made by mark, to be witnessed by the party who wrote the signature, and for the further reason that no proper foundation has been laid for its introduction."

This objection was sustained by the court, whereupon, after counsel for plaintiff stated, "That is all the further we can go, your honor," the court directed the jury to return a verdict against the defendants in favor of the plaintiff in the sum of $12.17, the amount confessed by said Martin Young and Fanny Young, which verdict was duly returned, and the court entered judgment in accordance therewith. We think the court erred in rendering judgment for the plaintiff in the sum of $12.17, the amount confessed by the defendants. Under the state of

the pleadings and the admissions of counsel, it was not incumbent upon plaintiff to introduce any evidence in order to entitle him to a judgment. The answer of defendant sets up an entirely affirmative defense, and therefore the burden of establishing it was upon them. The only issue of fact joined by the pleadings was whether the notes and mortgage should have been for $360, or $97.30. The execution of the instrument and the genuineness of the signatures being admitted by the pleadings and by counsel for defendants, the burden of proof was upon them to establish their affirmative defense. If the case should go no farther, in the absence of any evidence tending to establish the affirmative defense of the defendants, judgment should be entered for the plaintiff, as prayed for.

The judgment of the trial court is, therefore, reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.