## RAY v. RICHARDS & CONOVER HDWE. CO.

No. 18659. Opinion Filed Sept. 25, 1928.

Rehearing Denied Dec. 11, 1928.

Erwin & Erwin, for plaintiff in error.

Courtland M. Feuquay, for defendant in error.

LEACH, C. This is an appeal from a

judgment rendered against plaintiff in error, T. H. Ray, in the district court of Lincoln county, in an action wherein the defendant in error, Richards & Conover Hardware Company, sought to recover on certain notes and on an account. Defendant brings the cause here for review assigning several grounds of error, and presents in his brief three of the errors assigned, the first being:

"That the court committed error in overruling the motion to strike said cause from the assignment of February 3, 1927, and in vacating the order continuing said cause for the term, and resetting the same for February 9, 1927, on its own motion."

In support of the assignment plaintiff in error calls attention to sections 579, 580, and 581, C. O. S 1921, and says such statutes contemplated the preparation of the trial calendar by which members of the bar shall have at least twelve days' notice of the date their cases are set for trial. After quoting the provisions of section 582, C. O. S. 1921, he further says:

"We believe a reasonable construction of these statutes requires that a case shall not be set for trial until the issues are made up either by the pleadings or by default, and that after that time it may be set for trial on a date not less than ten days in advance. To vacate an order continuing the cause for the term, on its own motion, and set the case for trial only six days in advance, is clearly an abuse of discretion under the statutes."

No further argument is presented, nor any part of the record pointed out, sustaining the defendant's statement from which it might be inferred that the statutes were not complied with. It appears from defendant's motion filed January 4th, asking that the cause be stricken from the trial assignment, that the case had been assigned for trial, and the presumption would be that the trial docket had been made out and provisions of the sections referred to complied with at that time. As to the contention that the cause was set for trial on a date less than ten days after the issues in the cause were made up, as provided by section 582, supra, we find there is no merit. The record discloses that the second amended petition on which the action was tried was filed on May 24, 1926, to which there was a motion by defendant to strike, which was overruled, Thereafter a demurrer was filed thereto and overruled, and thereafter, on August 4th and August 9th, an answer and amended answer were filed by defendant, and thereafter, on December 2, 1926, a reply was filed. The cause was first assigned for trial for January 4,

1927, so it will be observed that the issues had been made up more than ten days prior to the first assignment of the cause for trial. The fact that defendant was permitted to file a second amended answer on February 3rd, to which a reply was filed, does not bring the latter pleadings within the ten-day rule.

"When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of section 5043, Rev. Laws of 1910, that a cause stands for trial whenever the issues have been made up for a period of 10 days, has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of the court, or consent of the parties, does not, by reason of said section, necessarily work a delay of the trial." Childs v. Cook, 68 Okla. 240, 174 Pac. 274; Southern Surety Co. v. Jones, 90 Okla. 285, 214 Pac. 727; Derry v. State ex rel. Walcott, 109 Okla. 244, 235 Pac. 158; Levin Brothers v. McDonald, 110 Okla. 30, 235 Pac. 1070; Lynch v. Peterson, 91 Okla. 28, 215 Pac. 617.

Defendant's motion to strike the cause from the assignment of January 4th, recites that he had not had an opportunity to examine certain depositions filed in the cause, and further stated that the cause was not at issue. On the date such motion was filed, the court, as shown by the journal, continued the cause for the term, and thereafter, on February 3rd, at a regular juridical day of the same term, entered an order vacating its former order continuing the cause, and reset the case for trial for February 9th. When the case came on for trial on February 10th, defendant did not move for a continuance, and the journal entry recites he appeared in person and by counsel and announced ready, nor does he now complain that he was denied a full and fair opportunity to present any defense he had to the action.

We fail to see wherein there was any abuse of discretion in the action of the trial court, or any prejudicial error arising therefrom.

The second assignment of error presented and argued is:

"The court committed error in overruling the objections of the defendant to the introduction of any evidence for the plaintiff."

In support hereof, the defendant refers to the fifth cause of action of plaintiff's petition relating to the account sued upon, and says exhibit B, referred to in the petition as an itemized statement of the account, was, in fact, not attached, and that by reason of such fact defendant was in no position to meet a blanket charge of indebtedness on the account. The defendant demurred to

plaintiff's petition and to each count therein upon the grounds that the same failed to state facts sufficient to constitute a cause of action, which was overruled. The amended petition demurred to alleged that plaintiff, at the special instance and request of the defendant, sold and delivered to defendant, goods, wares, and merchandise in the sum of $316.46 as set forth in the itemized, verified statement of account attached to the original petition and marked "Exhibit B," and made a part of this cause of action by reference. The answer filed by defendant in referring to the account sued upon states:

"That the purported itemized account referred to in said petition is not true and correct, and the defendant asserts that plaintiff should be put on proof thereof."

At the trial of the cause, the defendant objected to the introduction of any evidence for the reason that the amended petition of plaintiff and each count thereof failed to state facts sufficient to constitute a cause of action. Also objected to the introduction of the notes sued upon because no tax had been paid thereon as required by statute. If the itemized statement of account was not attached to the amended petition, or prior petition, as referred to in the amended petition, the defendant apparently failed to specifically call the attention of the trial court to such defect. None of the evidence introduced relating to the account sued upon is included in the case-made. The only evidence included or certified to is that relating to the notes sued upon.

The demurrer to plaintiff's petition might have been good, as against that part of plaintiff's petition relating to the notes sued upon, under the holding in the case of Harrell v. Suter, 100 Okla. 56, 227 Pac. 403, wherein it was held that a demurrer was good as against a petition declaring on a note of more than eight months' duration, which petition failed to allege and show the payment of the tax as provided by section 9608, C. O. S. 1921, but for the fact that such holding was specifically overruled in the recent case of Cole v. Kinch, Adm'x, 134 Okla. 262, 272 Pac. 1017. The record fails to sustain defendant's second assignment presented.

The third assignment is:

"That the court committed error in admitting the notes sued upon for the reason that the taxes required by law had not been paid."

Under such assignment attention is called to provisions of sections 9608-9613, C O. S. 1921, requiring payment of tax on notes of more than eight months' duration, and prohibiting the introduction of such a note in evidence when sued upon until the tax is paid; also, the cases of Wommer v. Wommer, Adm'x, 91 Okla. 79, 216 Pac. 150, and Cockrell v. Martin, 124 Okla. 284, 255 Pac. 1101, which cases sustain the statutes.

Had the notes sued upon been subject to the tax and come within the provisions of the statute, then the assignment of error would be correct, but it does not appear that the error assigned is sustained by the record. The uncontradicted evidence discloses that the plaintiff is a corporation, incorporated under the laws of the state of Missouri; that its principal place of business is within that state; that its ledgers, books, notes and accounts are kept at Kansas City; that the notes sued upon were kept and held at all times from the date of their execution until they were sued upon, or shortly prior thereto, in Kansas City, when they were forwarded to an attorney in Oklahoma to be sued upon. The defendant testified that the notes were executed by him in Kansas City.

The fact that plaintiff corporation owns a building within Oklahoma, operates and maintains a branch establishment within this state, would not, under the record and facts shown in this case, bring the notes sued upon within the provisions of sections 9608-9613, supra.

In the case of Pappas v. Guaranty Securities Co., 92 Okla. 25, 217 Pac. 474, which was a replevin action based upon a sales contract and certain notes given to and held by a nonresident, it was held that the provirions of the statute, sections 9608-9613, supra, did not apply. In a body of the opinion in that case, it was said:

"We are deciding this case, however, on the contention that the statute has no extraterritorial effect, and does not apply to notes, bonds, and other choses in action held by nonresidents of the state, outside of the state of Oklahoma, and which have only a transitory situs within the state, being brought here only for the purpose and to be used as evidence in the trial of the case, and in our judgment this position is well taken. The Supreme Court of this state has said in the case of In re Harkness Estate, 83 Okla. 107, 204 Pac. 911:

" 'Property must have either an actual or constructive situs within a state in order to give it a taxable situs therein.

" 'The state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, but it cannot fix the taxable situs of a thing which has never

come into the state, and over which it is without power to control.'"

In the body of the opinion, in the case of Jones v. First Nat. Bank of Oktaha, 102 Okla. 185, 228 Pac. 992, the court, in referring to the provisions of section 9608, supra, said:

"The statute requiring the payment of this tax was intended primarily as a revenue act. The purpose of denying the owner the right to introduce such notes in evidence is to compel the payment of the tax."

The following cases further sustain the holding and rule enunciated in the cases above: McIntosh v. Advance-Rumely Thresher Co., 117 Okla. 248, 246 Pac. 403; White, Trustee, v. Grounds, 121 Okla. 171, 249 Pac. 271.

The judgment of the district court should be and is hereby affirmed.

No judgment is entered herein on supersedeas bond as requested by defendant in error, because no such bond or a certified copy thereof is included in the case-made, or filed as required by rule XI of this court.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.