McLAUGHLIN et al. v. CHENEY et al.

No. 26035.    June 11, 1935.

William F. Collins, for plaintiffs in error.

T. R. Blaine, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the court below. Plaintiffs brought this action to recover a money judgment against defendants Laura C. McLaughlin, Bert McLaughlin, and C. R. Thorp upon two promissory notes which represented rents on certain real estate and against all the defendants to foreclose an alleged landlord's lien on the crops raised on said premises, alleging that the other defendants, Robert Barr and Ida Barr, had purchased from the McLaughlins and Thorp certain portions of such crops with notice. There were two of said notes, each dated November 14, 1931, and each for $200, maturing on September 1, 1932, and December 1, 1932, respectively, and each bearing 10 per cent. interest from maturity and providing for a reasonable attorney's fee to be taxed with the costs. The two notes were signed by the two McLaughlins and Thorp, but not by the Barrs, the latter being parties to the action only on the foreclosure phase of the case. The Barrs filed their respective separate unverified answers which merely alleged they had respectively purchased certain portions of said crops from C. R. Thorp without actual notice of any landlord's lien thereon in favor of plaintiffs. The defendants the McLaughlins and Thorp filed their unverified answers, same being a general denial, except specifically admitting the execution of the two notes and in effect admitting that said notes represented the rental on certain lands as alleged in plaintiffs' petition, and further alleging that plaintiffs, acting under a claim of ownership, had caused more than half of the crops grown on said lands and the proceeds therefrom to be held for their use

and benefit by defendants the Barrs, and that "the value thereof is in excess of the amounts claimed by plaintiffs, but plaintiffs have refused to cause said part of said crops to be sold and to give the defendants Laura C. McLaughlin, Bert McLaughlin and C. R. Thorp credit therefor," and that by reason thereof they were entitled to have said notes decreed fully satisfied, canceled, and returned to them. Upon these pleadings the case went to trial and was heard to the court without a jury. Before any evidence was heard the defendants objected "to the jurisdiction of the court to hear and determine this matter for the reason that the petition wholly fails to state any cause of action or to confer any jurisdiction whatever upon this court," which objection was overruled and exceptions saved. The plaintiffs thereupon offered in evidence the two original notes, to which offer the defendants objected "for the reason said notes are wholly incompetent, irrelevant, and immaterial as evidence in the case," which objection was likewise overruled and exception saved. The trial was thereupon proceeded with, and further evidence, including oral testimony of plaintiffs Joe R. Cheney and the defendants Ida Barr and Robert Barr, submitted on behalf of plaintiffs, whereupon plaintiffs rested. There was no demurrer interposed by any of the defendants to the plaintiffs' evidence, but, on the contrary, defendants submitted their evidence, including the oral testimony of defendants Bert McLaughlin and C. R. Thorp. The defendants did, however, at the conclusion of their evidence move the court for judgment "for the reason the evidence of the plaintiffs wholly fails to show any indebtedness from these defendants to them," which motion was overruled and exceptions saved. The evidence as submitted on behalf of defendants McLaughlin and Thorp went only to the question of the crops raised on the premises and their disposition and some labor performed by Mr. McLaughlin for plaintiff Joe Cheney, for which defendants insisted credit should be given on the notes, the entire evidence on the part of the McLaughlins and Thorp being in effect an effort to obtain credits on the indebtedness represented by the notes in such an amount as to satisfy it, or at least to materially reduce it, but in no manner seeking to question the original indebtedness or otherwise attacking the notes. After hearing and considering the evidence, the court did allow certain credits on the notes and dismissed the case as to the defendants

Robert Barr and Ida Barr, and rendered a personal money judgment in favor of plaintiffs against defendants Laura C. McLaughlin, Bert McLaughlin, and C. R. Thorp for the aggregate sum of $259.12 and 10 per cent. interest per annum thereon, and an attorney's fee of $50 and costs of action, and from the order overruling their motion for new trial the said McLaughlins and Thorp appeal.

The defendants in their brief discuss their various assignments of error under only one specification, to wit: "The judgment is not sustained by any competent evidence and is contrary to law," and the only error urged thereunder in their brief is the court's admission in evidence of the two notes, this for the reason that said notes were of more than eight months' duration, and that there is an absence of evidence, either by indorsement on them or otherwise, that they have been registered and the tax thereon paid as provided by section 12363, O. S. 1931, and, therefore, under section 12368, O. S. 1931, neither of said notes was admissible in evidence.

It is true that there is an entire absence of any showing in the evidence that either of said notes was registered or the tax thereon paid as provided by said section 12363, O. S. 1931, and we assume that in fact there was neither such registration nor tax payment. Conceding, then, for the sake of argument, that said notes were not competent as evidence because of such nonregistration and nonpayment of tax, and that it was error to admit them in evidence, was such action upon the court's part, under the facts and circumstances disclosed by the record in this case, prejudicial error warranting a reversal of the case? We think not. The defendants rely upon the cases of Wommer v. Wommer, 91 Okla. 79, 216 P. 150; Harrell v. Suter, 100 Okla. 56, 227 P. 403; and Todd v. Webb, 134 Okla. 107, 272 P. 380.

The fact that defendants objected to the sufficiency of the petition to confer jurisdiction, whereby they sought to raise this question, did not avail them anything, for the reason that the inhibition of section 12368, O. S. 1931, supra, against such nonregistered and nontax paid notes went only to the introduction of said notes in evidence and did not extend to the pleadings. Cole v. Kinch, 134 Okla. 262, 272 P. 1017; Alexander v. Wright, 135 Okla. 96, 274 P. 480. The former case of Harrell v. Suter, supra, relied upon by defendants had extended the statutory inhibition against such notes to the pleadings, but Justice Riley, in the case of Cole v. Kinch, supra, refused to follow such extension of the rule and confined the inhibition to the admission of such notes in evidence, and, as set out in syllabus 2 of the opinion in the Cole v. Kinch Case, the Harrell v. Suter Case was specifically overruled in so far as it extended the rule of evidence under section 9613, C. O. S. 1921 (12368, O. S. 1931), to the pleadings, and that extended rule is no longer the law.

Upon the question of such nonregistered and nontax paid notes being incompetent as evidence, the statute itself (sec. 12368, O. S. 1931) is decisive of that, and the cases of Wommer v. Wommer, supra, and Todd v. Webb, supra, cited and relied upon by defendants, are, of course, declaratory of such statutory inhibition against the admission of such notes in evidence. In the later case of Alexander v. Wright, supra, this court, after referring to the case of Wommer v. Wommer, supra, said:

"It will be observed that this inhibition goes only to the admissibility of the note in evidence. The law does not provide that no judgment shall be rendered upon such note **where the pleadings are such as to make it unnecessary to introduce the note in evidence.** (Emphasis ours.) It was never intended by the Legislature that the failure to register such a note and pay the tax thereon should destroy the validity of such note or release the maker from any obligation to pay the indebtedness evidenced thereby."

This same doctrine finds sanction in the body of the opinion in the case of Cole v. Kinch, supra. It is said by this court in the case of Jones v. First National Bank of Oktaha, 102 Okla. 185, 228 P. 992:

"The statute requiring the payment of this tax was intended primarily as a revenue act. The purpose of denying the owner the right to introduce such notes in evidence is to compel the payment of the tax."

Adhering to the rule in Alexander v. Wright, supra, we have no difficulty in arriving at the conclusion that the pleadings in the case at bar were such as to make it wholly unnecessary for the plaintiffs on the trial to introduce the notes in evidence and their admission in evidence, even though they were incompetent as evidence, was entirely harmless and in no wise prejudiced any substantial rights of the defendants. In addition to this, the evidence outside of the notes on the trial was amply sufficient to support the judgment. Under the pleadings as hereinabove set out the appellants,

having in their answer admitted the execution of the notes and the original indebtedness evidenced thereby, and sought only to establish credits thereon sufficient to satisfy or materially reduce the amount due and in support of which they submitted evidence, voluntarily assumed the burden of proof, thereby rendering it wholly unnecessary for the plaintiffs to introduce the notes in evidence, and plaintiffs' right to recover did not depend upon their introduction and admission in evidence. The case of Curry v. DeLana, 127 Okla. 70, 259 P. 851, is a case very much in point in support of this proposition, and, although it does not involve the question of registration and payment of tax upon a note, which is immaterial, the rule of law announced in the second paragraph of the syllabus thereof is remarkably applicable in principle to the situation as disclosed by the record in this case, that rule being as follows:

"Where, in a suit upon a promissory note and for the foreclosure of a real estate mortgage given to secure the payment thereof, the execution of the note and mortgage is admitted in the answer of the defendant and the answer in addition sets up defensive matter, it is not incumbent upon plaintiff to introduce any evidence to entitle him to judgment. The answer of the defendant set up an entirely affirmative defense and the burden of establishing it was upon her."

To the same general effect are Johnson v. Young, 47 Okla. 741, 150 P. 664; Price v. Latimer County National Bank, 119 Okla. 198, 249 P. 305.

In the case of Todd v. Webb, supra, the grounds of recovery were denied under oath by defendants. Not so in this case. In the case of Wommer v. Wommer, supra, it is true that the answer of defendants as the case finally went to trial was only a general denial and not under oath, but evidently the question of whether the admission of the nonregistered and nontax paid notes in evidence was necessary under the pleadings in order for plaintiff to recover was not raised and was not considered, and the matter was evidently submitted to the court upon the abstract question of whether such notes were admissible in evidence under the inhibition of the statute against their admission. From a very careful reading of the opinion in that case, we infer that neither was there any evidence other than the notes submitted or offered by the plaintiff on the trial. Not so in the case at bar; there was sufficient evidence other than the notes to sustain plaintiffs' judgment. We think the rule announced in the case of Alexander v. Wright, supra, the correct rule and a salutary one and applicable to the facts as disclosed by the record in this case, and as it has never been overruled nor criticized by the court, we shall follow it and refuse to follow the rule in the Wommer Case, supra, in so far as the latter rule conflicts with the rule in the Alexander v. Wright Case, if in fact there is any conflict.

Under the views and conclusions we have herein expressed it is unnecessary to consider any of the other points urged by plaintiffs in support of their judgment. There is no prejudicial error in the record. The judgment of the trial court is sufficiently supported by the competent evidence and is not contrary to law, and is, therefore, affirmed.

Plaintiffs in their brief call attention to the supersedeas bond given by appellants and shown in the case-made and pray judgment thereon. Judgment is, therefore, hereby rendered on said bond in favor of plaintiffs against the defendants Laura C. McLaughlin, Bert McLaughlin, and C. R. Thorp and the sureties on said bond, T. A. Moore and H. B. Stinson, jointly and severally, for $259.12 and 10 per cent. interest per annum thereon from June 2, 1934, and attorney fee of $50 and all the costs of this action.

The Supreme Court acknowledges the aid of Attorneys John L. Norman, W. C. Alley, and J. L. Newhouse in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Norman and approved by Mr. Alley and Mr. Newhouse, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.