## BOSWELL v. SHAWNEE PRODUCTION CREDIT ASS'N.

No. 27903.   March 22, 1938.

S. A. Wilkinson and S. A. Horton, for plaintiff in error.

E. E. Glasco, for defendant in error.

HURST, J. This is an action in replevin. The plaintiff, Shawnee Production Credit Association, in its petition, alleged that one G. W. Deen executed and delivered to it a note for $300, secured by a chattel mortgage, upon which the sum of $38.78 had been paid, leaving unpaid a balance of $261.-22 with interest; that Deen died, and defendant Sewell had possession of the personal property covered by the chattel mortgage, which he refused to deliver to plaintiff. Plaintiff prayed for possession of the chattels and for judgment in the sum of $50 for the unlawful detention.

A writ of replevin was issued, and defendant Sewell was appointed temporary custodian of the property. Sam Boswell filed a plea of intervention in which he alleged that Deen was a tenant on property

belonging to him and upon which the chattels in question were located: that certain of the chattels were his (Boswell's) property, and that he neither executed a mortgage on same nor authorized anyone to encumber the property in any manner; and he asked that the replevin order be discharged. Defendant Sewell made no defense and default judgment was entered against him. The case then proceeded to trial. After plaintiff rested, intervener demurred to the evidence, and after the introduction of all the evidence intervener moved for a directed verdict, both of which motions were overruled. The jury rendered its verdict for plaintiff. Judgment was accordingly rendered by the trial court for plaintiff for possession of the property, and the amount of its special interest therein was fixed at $261.-22. with interest, together with a reasonable attorney fee of $50. From that judgment this appeal was taken, and intervener made five assignments of error, which he argues under the following propositions:

■ It is first contended that there was no proof that Deen owned the property covered by the chattel mortgage. The trial court, in its instructions, submitted to the jury the question of the ownership of the chattels at the time of the execution of the mortgage. By its verdict, the jury found that Deen, and not Boswell, was the owner. The rule is well established in law actions tried to a jury that this court, on appeal, will not reverse the judgment because of insufficiency of the evidence when there is competent evidence reasonably tending to support the judgment. Tulsa Petroleum Corp. v. Westmoreland (1937) 180 Okla. 459, 70 P.2d 110; Jackson v. Hedlund (1932) 157 Okla. 14, 10 P.2d 385; Kelley v. McKay (1926) 120 Okla. 215, 251 P. 82.

An examination of the record discloses that Mrs. Deen testified that Boswell told her that "he would take up this Shawnee note and pay it off," and she (Mrs. Deen) was to turn the property in question "back to him." Mrs. Deen also testified that Boswell said, "Well, all we can do is clear up this mortgage and release it back to you." This testimony reasonably tends to support the verdict of the jury, since it shows that Boswell recognized the validity of the note and mortgage, from which the jury could reasonably infer that he recognized Deen's ownership of the chattels at the time the mortgage was executed. The jury could also reasonably infer therefrom that Boswell rec-

ognized Deen's ownership of the property in that the conversations indicate his desire to obtain the title to the chattels from Mrs. Deen by paying off the mortgage. This court will not disturb the verdict of the jury, since this testimony reasonably tends to support it.

■ Intervener's next contention is that plaintiff did not introduce any evidence to prove that Deen executed the mortgage in question. The petition alleged the execution of the note and the mortgage, and intervener filed no verified denial thereof. In such case, the execution of the instruments and the endorsements thereon must be taken as true. Section 220, O. S. 1931. The contention of intervener that this section of the statute applies only to the maker of the instrument sued on, and not to a third party, is without merit and is contrary to the language of the statute. Caldwell v. Baxter (1931) 158 Okla. 76, 12 P.2d 509.

■ It is next argued that, since the chose in action tax was not paid on the note, it was not admissible in evidence. In this connection, it is also argued that without the introduction of the note in evidence there would be no proof that anything was due on the note secured by the chattel mortgage, and consequently plaintiff would have no right to recover possession of the property covered by the mortgage. The payments made by Deen and the balance due on the note were indorsed thereon. This is taken as true, as aforesaid, by intervener's failure to file a verified denial, and consequently the special interest of the plaintiff entitling him to maintain the action of replevin was established thereby. Mills v. Kansas Lumber Co. (1881) 26 Kan. 574. It was therefore unnecessary to introduce the note and mortgage in evidence, and the alleged error of the trial court in admitting the same in evidence, over defendant's objection, on the ground that the chose in action tax was not paid thereon, was harmless. McLaughlin v. Cheney (1935) 172 Okla. 562, 46 P.2d 352.

The inhibition of section 12368, O. S. 1931 (making a note of over eight months' duration which is not registered and upon which no tax is paid incompetent evidence in the courts of Oklahoma), goes only to the admission of the note in evidence, and does not extend to the pleadings. Cole v. Kinch (1928) 134 Okla. 262, 272 P. 1017; McLaughlin v. Cheney, supra.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.