MITCHELL v. MASSEY-HARRIS Co., Inc.

No. 29447. May 6, 1941.

Rehearing Denied May 27, 1941.

*113 P. 2d 594.*

C. B. Leedy, of Arnett, for plaintiff in error.

L. H. Clark, of Arnett, for defendant in error.

PER CURIAM. The defendant in error, hereinafter referred to as plaintiff, brought action against the plaintiff in error, hereinafter referred to as defendant, to enforce payment of the balance due on a promissory note under a contract of guaranty made by said de-

fendant. The note was one for a duration of more than eight months and had not been listed for taxation and the taxes paid thereon in the manner required by section 12363, O. S. 1931, 68 Okla. St. Ann. § 511. The undisputed evidence at the trial showed that the note and the contract of guaranty had been given originally to a New York corporation, and by it had been assigned to the plaintiff, a Wisconsin corporation. The defendant testified that he had taken and guaranteed the note on May 31, 1937, and had mailed it to the payee named therein on July 20, 1937. The trial court admitted the note in evidence over the objection and exception of the defendant, and the defendant offered no evidence to controvert his liability under the guaranty. The court directed a verdict in favor of the plaintiff. The defendant appeals from the judgment which was rendered on the verdict.

The sole error assigned and presented here is the admission of the note in evidence over the objection of the defendant. It appears from the record that the note was at all times owned and held by nonresident corporations and had never acquired a taxable situs in Oklahoma, and for this reason, if for no other, it was not subject to taxation under the provisions of the statutes, supra. Ray v. Richards & Conover Hardware Co., 133 Okla. 294, 272 P. 1021. Irrespective of this, however, the record shows that the plaintiff introduced evidence aside from the note which was sufficient to sustain the judgment, and that therefore the error, if any, in the admission of the note in evidence was harmless. As said in McLaughlin v. Cheney, 172 Okla. 562, 46 P. 2d 352:

"If there is other evidence aside from such a note sufficient to sustain the judgment, the fact that such note was over timely and proper objection to its competency, admitted in evidence, even though error, is surplusage and harmless."

The defendant in fact concedes that if we apply the rule of stare decisis, the judgment of the trial court was correct and must be affirmed, but urges that we have gone too far afield and that we should re-examine the previous decisions commencing with the case of Street v. Missouri-Interstate Paper Co., 116 Okla. 81, 243 P. 171, and concluding with the case of Boswell v. Shawnee Production Credit Ass'n, 182 Okla. 302, 77 P. 2d 740, and overrule such decisions and return to the rule as exemplified in the case of Harrell v. Suter, 100 Okla. 56, 227 P. 403, and which was expressly overruled in Cole v. Kinch, 134 Okla. 262, 272 P. 1017. For the reason stated in McLaughlin v. Cheney, supra, and which it is unnecessary to repeat here, we decline to entertain the request thus made.

Since the record shows that there was sufficient evidence aside from the note to sustain the action of the trial court in directing a verdict for the plaintiff and entering judgment thereon, the error which defendant assigns is harmless and the judgment is affirmed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.