**PAPPAS v. GUARANTY SECURITIES CO.**

No. 10659—Opinion Filed July 24, 1923.

**1. Taxation—Registration of Choses in Action Owned by Nonresidents:**

The act of the Legislature of March 10, 1917, page 484, being section 9608, Comp. Stat. 1921, providing for registering and taxing of notes, bonds, and other choses in action, and further providing, in section 9613, Comp. Stat. 1921, that "no bond, note of over eight months' duration, or other choses in action, which has not been registered with the county treasurer of the county in which it is located, and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma," does not apply to bonds notes, and other choses in action, the property of nonresidents of this state, which have no actual or constructive situs within the state.

**2. Taxation—Situs of Property—Power of State.**

To be taxable, property must have actual or constructive situs within the state; state cannot fix taxable situs of a thing never within state. Property must have either an actual or constructive situs within a state in order to give it a taxable situs therein. A state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, but it cannot fix the taxable situs of a thing which

has never come into the state and over which it is without power to control.

Error from Superior Court, Muskogee County; Guy. F. Nelson, Judge.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Replevin by the Guaranty Securities Company against Peter Pappas. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. B. Rogers, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

Opinion by JONES, C. This action was instituted in the superior court of Muskogee county, April 16, 1918, by the defendant in error, plaintiff in the trial court, against Peter Pappas, plaintiff in error, defendant in the trial court, and was brought to recover the possession of certain personal property, to wit, a soda fountain, together with the equipment, supplies, and attachments thereto, which had been sold to the defendant upon a sales agreement, in which the seller retained the title to said property subject to the payment by the defendant of the purchase price of same, to wit, $1,700, for which a series of notes were given to Grosman Fountain Company of Dallas, Tex., who assigned the notes, together with the sales contract, to the plaintiff, the Guaranty Securities Company, in due course for value, and before the maturity of any of the notes of said series.

An affidavit and bond in replevin was filed, writ of replevin issued, and duly served by taking possession of the property, and a redelivery bond taken by the sheriff. To the petition, the defendant below, plaintiff in error herein, filed a general denial, and the case was called for trial on the 17th day of December, 1918. Plaintiff appeared and in support of its petition offered in evidence each of the notes, which are a part of and referred to in the sales agreement. The defendant, Pappas, objected to the introduction of this evidence for the reason and on the ground that it was incompetent, irrelevant, and immaterial, and for the further reason that the notes were for more than eight months' duration and not registered with the county treasurer of any proper county of the state of Oklahoma for taxation. The objection was sustained as to all notes running for a longer period than eight months, but overruled as to the notes which were for a shorter duration, and overruled as to the sales contract. Defendant below made a further objection

to the sales agreement for the reason and on the ground that the same is a chose in action and was not filed in the office of the county treasurer, as required by the law of this state.

Upon the introduction of the evidence heretofore referred to both parties rested, and the court instructed the jury to return a verdict for the plaintiff below, which order of the court was objected to by the defendant, and exception was taken and allowed, and under the directions of the court the jury returned a verdict for plaintiff below, and awarded possession of the property to plaintiff and found its value to be $11,192. Motion for a new trial was filed and overruled and an appeal prayed to this court. The petition in error cites nine separate and distinct grounds of error, all of which go to the one controlling point in this case, and that is, whether or not the several exhibits and especially exhibit "M," the sales agreement, was properly allowed to go to the jury, over defendant's objections, and in support of this contention the plaintiff in error cites and calls attention to the act of the Legislature of March 10, 1917, page 484, and especially relies on certain sections of the act, being sections 9608 and 9613, Compiled Statutes of 1921, which provides (section 1 of the act, being section 9608, Comp. Stat. 1921) :

"Any person owning any bond, note of any duration of over eight months or other choses in action evidenced by writing located in the state of Oklahoma, may take same to the office of the county treasurer of the county in which the owner of said bond, note of a duration exceeding eight months, or other choses in action, resides or he may send a description of the same to said county treasurer, and pay to the said county treasurer a tax of two per centum of the face amount thereof for five years, or, at the option of such person, for a greater or less number of years at the same rate, and the said county treasurer shall thereupon make an indorsement upon said bond, note of a duration of over eight months, or other choses in action, certifying that same is exempt from all taxation for state, county, city, town, township, school district and other municipal purposes for a period of five years, or for such longer or shorter period for which a proportionate tax has been paid, which indorsement or receipt shall be duly signed in the name of the county treasurer of the county in which said property is located and where said tax is paid, and with the seal of the treasurer of said county affixed. Provided, the provisions of this act shall not apply to any property which under existing laws is not subject to taxation, and provided further,

all property taxable under the provisions of this act and owned by a nonresident of the state of Oklahoma, shall be listed for taxes in the county in which such evidence of indebtedness is located and provided further," etc.

Section 2 of the act provides for the county treasurer making and preserving a record of said property and the payment of the taxes thereon.

Section 3 provides for 60 days in which all such property then existing might be listed and for all other property to be listed within 60 days of its creation.

Section 4 defines the purposes for which the tax may be used.

Section 5 provides for a penalty against all persons failing to list such property as required by law.

Section 6: "No bond, note of over eight months' duration or other chose in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; provides, that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provisions of chapter 246, Session Laws of 1913, as amended by chapter 105, Session Laws of 1915."

Plaintiff in error contends that the law heretofore cited is applicable to the notes and sales contract or agreement, which were offered in evidence, and contends that the court committed reversible error in admitting the same to be offered as evidence in the trial of the case. And while he raises other questions, to wit, "that of the constitutionality of the statutes herein involved," and defendant in error argues and urges that, this being a replevin suit and the possession of property being the gist of this action, the introduction of the notes and sales agreement in evidence being only incidental to the main issues, the law would not apply, and also urges the point that the act referred to is not applicable to this case, for the reason that it only applies to the residents of the state of Oklahoma, and to such notes, bonds, and choses in action as have an actual or constructive situs as would subject same to the general tax laws of the state of Oklahoma. And further contends that no reversible error was committed in this case, for the reason that the court sustained the objection to the introduction of all notes of longer duration than eight months, and that the sales agreement is not such an instrument as could

come within the purview of the statute. We are deciding this case, however, on the contention that the statute has no extra-territorial effect, and does not apply to notes, bonds, and other choses in action held by nonresidents of the state, outside of the state of Oklahoma, and which have only a transitory situs within the state, being brought here only for the purpose and to be used as evidence in the trial of the case, and in our judgment this position is well taken. The Supreme Court of this state has said in the case of In re Harkness Estate, 83 Okla. 107, 204 Pac. 911:

"Property must have either an actual or constructive situs within a state in order to give it a taxable situs therein.

"The state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, but it cannot fix the taxable situs of a thing which has never come into the state and over which it is without power to control."

The property in controversy in this case was purchased in the city of Dallas and state of Texas; the notes and sales agreement in question were executed in and owned by parties residing in the city of Dallas, and were never located in any county within the state of Oklahoma at any time, except when brought to the city of Muskogee, Muskogee county, for the purpose of being introduced as evidence in the trial of this case. Clearly they constitute property belonging to a citizen of the state of Texas, where they have been kept at all times And in the body of the opinion referred to we find this language:

"A state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, to say how many months or weeks will be required for property coming into the state to acquire a taxable situs, but it cannot fix the taxable situs of a thing which has never come into the state; a thing over which it has no jurisdiction; a thing over which it is powerless to control, and under no obligations to protect."

The case of Harkness Estate, referred to, is an opinion by Chief Justice Harrison, where is found an exhaustive discussion of the question herein involved, and we deem it inadvisable and unnecessary to quote further from said case, as it may be referred to as a more exhaustive decision of the question involved.

Finding no material error, the case is affirmed.

By the Court: It is so ordered.