McINTOSH et al. v. ADVANCE-RUMELY THRESHER CO.

No. 16410—Opinion Filed May 4, 1926.

1. Taxation—Registration Tax Statute Inapplicable to Bonds and Notes of Nonresidents Without Situs Within State.

The act of the Legislature of March 10, 1917, p. 484, C. 264, being section 9608, Comp. Stat. 1921, providing for registering and taxing of notes, bonds, and other choses in action, and further providing in section 9613, Comp. Stat. 1921, that "No bond or note of over eight months' duration, or other choses in action, which has not been registered with the county treasurer of the county in which it is located, and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma," does not apply to bonds, notes, and other choses in action, the property of nonresidents of this state, which have no actual or constructive situs within the state.

2. Taxation — Property Subject — Situs Within State Necessary.

To be taxable, property must have actual or constructive situs within the state; state cannot fix taxable situs of a thing never within state. Property must have either an actual or constructive situs within a state in order to give it a taxable situs therein. A state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, but it cannot fix the taxable situs of a thing which has never come into the state and over which it is without power to control.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by Advance-Rumely Thresher Company against W. E. McIntosh and others. Judgment for plaintiff, and defendants appeal. Affirmed.

John C. Graves, for plaintiffs in error.

R. A. Wilkerson, for defendant in error.

Opinion by MAXEY, C. This action was brought in the district court of Wagoner county against the plaintiffs in error by the defendant in error on two promissory notes for $15,283.57 each, the first falling due on October 1, 1921, and the second on October 1, 1922, each bearing interest at the rate of 8 per cent. per annum, and secured by a chattel mortgage. These notes were payable at the First National Bank of Porter, Wagoner county, Okla., and the mortgaged property is located in Wagoner county, Okla.

The defendants pleaded section 9608 and section 9613, Comp. St. 1921, and claim that inasmuch as the notes secured by the mortgage in this case have not been filed by the treasurer of Wagoner county and the two per cent. taxes paid thereon, plaintiff was not entitled to recovery on said notes. The sections referred to and pleaded as a defense are as follows:

"Sec. 9608. Notes—Bonds—Choses in Action Taxed. Any person owning any bond, note of any duration of over eight months, or other choses in action evidenced by writing located in the state of Oklahoma, may take same to the office of the county treasurer of the county in which the owner of said bond, note of a duration exceeding eight months, or other choses in action, resides or he may send a description of the same to said county treasurer, and pay to the said county treasurer a tax of two per centum of the face amount thereof for five years, or, at the option of such person, for a greater or less number of years at the same rate, and the said county treasurer shall thereupon make an indorsement upon said bond, note of a duration of over eight

months, or other choses in action, certifying that same is exempt from all taxation for state, county, city, town, township, school district and other municipal purposes for a period of five years, or for such longer or shorter period for which a proportionate tax has been paid, which indorsement or receipt shall be duly dated and signed in the name of the county treasurer of the county in which said property is located and where said tax is paid, and with the seal of the treasurer of said county affixed. Provided, the provisions of this act shall not apply to any property which under existing laws is not subject to taxation, and provided, further, all property taxable under the provisions of this act owned by a nonresident of the state of Oklahoma, shall be listed for taxes in the county in which such evidence of indebtedness is located; and provided, further, nothing in this act shall cause any part of the capital stock of a corporation to be exempt from taxation; and provided, further, the bonds, notes and other choses in action, evidenced in writing held by banking corporations which pay taxes on its capital stock, surplus and undivided profits, shall not be subject to the provisions of this act."

"Sec. 9613. - Not Admitted in Evidence Unless Listed. No bond or note of over eight months duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; provided, that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provisions of chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws, 1915."

The case was submitted to the court without the intervention of a jury on the following agreed statement of facts:

"That on the 17th day of July, 1920, the agent of the plaintiff was at Tullahassee, Wagoner county, Okla., and made the contract for the sale of machinery that is set up and described in the mortgage sued on, to the defendants; that at said time and place the defendants executed and delivered the notes and mortgage sued upon to the agent of the plaintiff, and said agent immediately transmitted the same through mail to the plaintiff at its home office at La Porte, Ind., and same were by it held at said place until they were transmitted to the plaintiff's counsel at Vinita, Okla., for the bringing of this action, and shortly prior thereto. It is further agreed that the copies attached to the plaintiff's petition and sued upon herein, are true and correct copies of the notes and mortgage which were executed by the defendants as aforesaid. It is

further agreed that, at the time of the execution of said notes, the machinery which was purchased by the defendants, was in the plaintiff's warehouse at Fort Smith, Ark., and was immediately upon the receipt of said notes and mortgage shipped by the plaintiff from said warehouse to the defendants at Tullahassee, Okla.; and that said machinery has, at all times, since said purchase and shipment thereof, remained continuously in Wagoner county, Okla., until this time. It is further agreed that the notes sued upon herein were each for a greater period than eight months' duration; and that said notes have not been registered with the county treasurer of Wagoner county, nor with the county treasurer of any county in this state; and that the plaintiff has not paid any county treasurer in this state the two per cent. (2%) tax of the face thereof, nor any tax at all; that the unpaid balance on said notes at this time is the sum of $2,861.55."

And there was judgment for the plaintiff, Advance-Rumely Thresher Company, and defendants below have appealed to this court. The precise question involved in this case was before this court in the case of Pappas v. Guaranty Securities Co., 92 Okla. 25, 217 Pac. 474, and also in the case of In re Estate of Harkness, 83 Okla. 107, 204 Pac. 911. In the Pappas Case, Judge Jones, who wrote the opinion in that case, follows the opinion of Judge Harrison in the Harkness Case, and both of those cases sustained the judgment of the court rendered in this case; and this case is, therefore, ruled by those two cases, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 718. (2) 37 Cyc. p. 718.