**WHITE, Trustee, v. GROUNDS.**

No. 16225—Opinion Filed Sept. 7, 1926.

(Syllabus.)

**Taxation — Exclusion of Bonds and Notes from Evidence Where Registration Tax Unpaid—Statute not Applicable Where Bonds or Notes Have no Situs in State.**

Section 9608, Comp. Stats. 1921, providing for registering and taxing of notes, bonds, and other choses in action, and section 9613, Comp. Stats. 1921, providing that "no bond or note of over eight months duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located, and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma," does not apply to notes, bonds, and other choses in action, the property of nonresidents of this state, which have no actual or constructive situs within the state. However, when such note, bond, or other choses in action, upon which the tax has not been paid as provided therein, is offered in evidence, it is incumbent upon the party offering the same to show a state of facts exempting the payment of such tax.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by J. C. White, trustee, against J. R. Grounds. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

E. B. Arnold, W. A. Woodruff, and John Mayes, for plaintiff in error.

Pete Helton, Williams & Martin. and E. C. Patton, for defendant in error.

PHELPS, J. This action was commenced in the district court of Adair county when plaintiff, who is plaintiff in error here, filed his petition praying for judgment on a promissory note. When the issues were joined and the case called for trial plaintiff offered in evidence his note and the chattel mortgage given to secure the payment of the note. Objection to its admission was made by the defendant upon the grounds that the note had not been registered with the county treasurer and the tax paid as provided by section 9608, Comp. Stats. 1921, and that it was, therefore, under section 9613, Comp. Stats. 1921, not admissible in evidence. The court sustained the objection, and plaintiff having rested his case, the court instructed the jury to return a verdict for defendant, upon which verdict judgment was rendered, to reverse which plaintiff prosecutes this appeal.

The sole question presented by the appeal is whether the court erred in sustaining the objection to the introduction of the note and mortgage in evidence.

It is the contention of plaintiff, and he introduced evidence to uphold such contention, that he was a resident of the state of Arkansas, and that according to the rule laid down by this court in Pappas v. Guaranty Securities Co., 92 Okla. 25, 217 Pac. 474, and McIntosh v. Advance Rumely Thresher Co., 117 Okla. 248, 246 Pac. 403, the note was admissible in evidence even though the tax had not been paid.

It is the contention of defendant, however, and this contention seems to be supported by the authorities above cited, that it is not a question as to where the payee of the note resides, but it is a question of where the situs of the property is, and that if the actual or constructive situs of the note is within the state, the above-cited provisions of the statute apply.

Counsel for defendant in error make the statement in their brief that the situs of this note had always been at Stilwell, Adair county, Okla., claiming that the note was executed at Stilwell and provided upon its face that it should be paid at the bank at Stilwell, and was left at said bank for collection, and that partial payments had been made on the note at that place, and that a number of the parties for whom plaintiff in error was trustee were residents of that place. If this state of facts were true it would indicate very strongly that defendant's contention as to the situs of the note is correct, but, unfortunately for them, we have nothing in the record bearing out that statement. The statement of facts in Pappas v. Guaranty Co. and McIntosh v. Advance-Rumely

Thresher Co., supra, show that while the notes in question there were executed in the state, yet, upon their execution they were forwarded to nonresident owners and only sent back to the state when due for collection, and this court very properly held that the situs of the notes not being in the state, the owners thereof were not required to pay the tax as provided by section 9608, Comp. Stats. 1921, as a condition precedent to offering them in evidence.

In the instant case, the trial court apparently took the view that before the note could be admitted in evidence, the plaintiff must first prove that it had been registered and the tax paid. We quote from the trial court's remarks when motion for new trial was overruled, as follows:

"There is no testimony offered or proof showing that the note was registered and the taxes paid according to the provisions of the statute, and this was a fact to be proved as a condition precedent to the introduction of the note as evidence. * * * Even if this note had been introduced in testimony, and admitted, it would prove a state of facts that precludes a recovery under this law."

Since, doubtless, the note on its face failed to disclose its registration and the payment of the tax, it was incumbent upon the plaintiff to prove a state of facts which would bring the note within the rule laid down in the authorities above cited. He apparently started in to do this and prove that the plaintiff, who it appears was acting only as trustee for the real owners of the note, was a nonresident of the state; he then attempted to show to whom the note belonged, and from the questions asked the witness, we are justified in the assumption that it was his intention to attempt to prove a statement of facts relieving him on the payment of the tax, which he should have been allowed to do, but to all such questions asked objections were made and sustained. In this we think the trial court erred.

The judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.