## COMMERCIAL INV. TRUST CO. v. FARVE et al.

No. 18223. Opinion Filed Dec. 11, 1928.

Rehearing Denied Jan. 5, 1928.

E. W. Schenk, for plaintiff in error.

H. A. Stanley and Lebdetter & Brown, for defendants in error.

LESTER, J. The plaintiff, a New York corporation, brought an action in the district court of Carter county, Okla., against the defendants for an alleged balance due on a certain promissory note. Said note was executed by Ada Tubby LaFountaine on the 23rd day of June, 1923, in favor of the Nash Motor Company of Ardmore, Okla. Said motor company was a copartnership composed of W. J. Farve and John Baptiste. Said note was for the principal sum of $957.30, and the same was payable in 12 equal monthly installments of $79.78 each, the first installment being paid one month from the date of the execution of said note. Said note was thereafter sold and transferred by the Ardmore Nash Motor Company to the plaintiff herein.

Upon trial of the said case the plaintiff offered said note in evidence, and Ada Tubby LaFountaine objected to its introduction upon the ground that it was incompetent, irrelevant, and immaterial, which objection was by the court overruled.

Thereafter the defendants filed a demurrer to the evidence of the plaintiff, alleging in said demurrer that the note offered in evidence by the plaintiff was incompetent for the reason that said note was for more than eight months duration and was governed by the laws of the state of Oklahoma, and said note showed on its face that it ran for more than a period of eight months, and that the taxes required by law had never been paid on said note.

The court sustained said demurrer and rendered judgment in favor of the defendants, and the plaintiff prosecutes this appeal to reverse the action of the trial court. The sole question to be determined in this case is whether or not said note was taxable within the purview of section 9608, C. O. S. 1921, which section reads, in part, as follows:

"Any person owning any bond, note of any duration of over eight months, or other choses in action, evidenced by writing located in the state of Oklahoma, may take same to the office of the county treasurer of the county in which the owner of said bond, note, of a duration exceeding eight months or other choses in action, resides, or he may send a description of the same to said county treasurer and pay to the said county treasurer a tax of two per centum (2%) of the face amount thereof for five years. * * ' Provided, the provisions of this act shall not apply to any property which under existing laws is not subject to taxation, and provided, further, all property taxable under the provisions of this act, and owned by a nonresident of the state of Oklahoma, shall be listed for taxes in the county in which such evidence of indebtedness is located; and provided, further, nothing in this act shall cause any part of the capital stock of a corporation to be exempt from taxation; and provided, further, the bonds, notes, and other choses in action, evidenced in writing held by banking corporations which pay taxes on its capital stock, surplus and undivided profits, shall not be subject to the provisions of this act."

Section 9613, C. O. S. 1921, provides:

"No bond or note of over eight months duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; Provided, that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provisions of chapter 246. Session Laws 1913, as amended by chapter 105, Session Laws 1915."

When the note in the instant case was executed, the payor and payee were both

residents of this state. The note became immediately taxable under section 9608, supra; The owner of said note thereafter transferred the same to plaintiff and forwarded it to the plaintiff's place of business in the state of New York.

The state possesses the power to fix a time at which property within its jurisdiction may acquire a taxable situs, and under provision of section 9608, supra, the situs of said note for purposes of taxation was fixed immediately after its execution and delivery to the payee in the state of Oklahoma.

In the case of In re Harkness' Estate, 83 Okla. 107, 204 Pac. 911, it is said:

"A state has power to fix a time at which property within its jurisdiction may acquire a taxable situs."

In the case of McIntosh et al. v. Advance Rumley Thresher Co., 117 Okla. 248, 246 Pac 403, this court in the second paragraph of the syllabus thereof again said:

"A state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, but it cannot fix the taxable situs of a thing which has never come into the state and over which it is without power to control."

In the case of White v. Grounds, 121 Okla. 171, 249 Pac. 271, the court said:

"However, when such note, bond or other choses in action, upon which the tax has not been paid as provided therein, is offered in evidence, it is incumbent upon the party offering the same to show a state of facts exempting the payment of such tax."

In the case of Wommer et al. v. Wommer, 91 Okla. 79, 216 Pac. 150, this court said:

"There is no testimony in the record showing that the note was ever registered and the tax paid according to the provisions of this statute, and this was a fact to be proved as a condition precedent to the introduction of the note, as testimony, and it was ignoring the plain provision of the statute to permit it to be introduced over the objection of the defendants, and since the note was the basis of the plaintiff's action and not recovery for money had and received, it follows that the note was incompetent testimony and could not be considered as a basis for judgment under the rule announced by this court in Williams v. Williams, 87 Okla. 195, 209 Pac. 769, where it was held that if the plaintiff fails to prove sufficient facts to make out the case, and on the contrary proves a state of facts that precludes a recovery, and defendant interposes a demurrer to the testimony of the plaintiff, such demurrer should be sustained."

In the case of Harrell et al. v. Suter, 100

Okla. 56, 227 Pac. 403, this court held that evidence of indebtedness taxable under section 9608, supra, was incompetent unless it was first shown that the tax had been paid thereon or that it was exempt therefrom.

We do not think that the state can be defeated of its right to impress its taxes against the class of property herein under discussion simply because such property has temporarily been removed from the state, and thereafter returned. If such were the case the state would suffer great loss on account of temporary removals from the state of this class of taxable property. The inhibition against the introduction of bonds, notes, etc., taxable under section 9608, supra, was in order to force the holders of such paper to register and pay the tax thereon.

Evidence of credits which are taxable under section 9608, supra, can be easily secreted and withheld from taxation by the owner thereof, and when such is the case and the owner thereof seeks to enforce the collection of the same by an action at law, the statutes of this state provide that such evidence of indebtedness shall not be admitted in evidence "in any of the courts of the state of Oklahoma."

The Legislature has a right to determine what may or may not be admitted in evidence in the courts of this state.

It appearing that the notes introduced in evidence had been subject to a state tax, and the owner thereof having failed to register the same and pay tax thereon, and it further appearing that said notes did not come within exemption provided by law, they were not admissible in evidence, and the court, therefore, correctly sustained the defendants' demurrer.

Judgment is affirmed.

MASON, V. C. J., and PHELPS, HUNT, RILEY, and CLARK, JJ., concur. BRANSON, C. J., dissents.

---

BRANSON, C. J. (dissenting). The Commercial Investment Trust, Inc., sued, in the district court of Carter county, W. J. Farve and others, upon a note executed by Ada Tubby la Fountaine, the 23rd day of June, 1923, which note was due in partial payments each 30 days from date of its execution, the last payment being due more than eight months from date of execution. The payees in the note were W. J. Farve and John Baptiste, who assigned the same to plaintiff, who made the purchase thereof in the city of New York four days after the

execution of the note, to wit, June 27, 1923. The note bore on its face:

"Negotiable and payable at the office of the Commercial Investment Trust, Inc., Liggett Building, 42nd Street at Madison Avenue, New York City, with exchange on New York."

The judgment of the trial court was on demurrer to the undisputed evidence. The execution of the note was not denied. That it was payable at the office of the plaintiff appeared on its face; that it was immediately assigned and transmitted and received by the plaintiff four days after its execution is the undisputed evidence. The demurrer was sustained by the trial court, and judgment rendered for the defendants, for that the tax provided for by section 9608 was not shown to have been paid. The opinion quotes the said section 9608, but there is nothing therein which makes the tax referred to due at any particular date, but the said section does provide that the note or chose in action on which the suit is brought is inadmissible in evidence, unless the tax is paid on such "located in the state of Oklahoma."

The writer cannot agree that there is anything in this section of the statute requiring this character of tax to be paid as a condition precedent to the admissibility of the note in evidence, unless the subject of taxation is located in the state of Oklahoma at the time when it must, under the statute, be registered for taxation, or be subjected to a penalty, unless perchance that it be assigned to a nonresident of the state for the purpose of evading and avoiding the payment required by said section. Section 9610 provides in part:

"* * * All other property subject to taxation under the provisions of this act shall be listed for taxation as provided for herein, within 60 days from date of the execution of the evidence of such indebtedness."

Section 9612 places a penalty for failure to pay the tax within the time provided by section 9610. The two sections show it is not due until then. At the time this note was assigned, there was no provision of the statute which made the tax due thereon or fixed any penalty for failure to pay the same, and under the first-named section (9608), it was not due by a nonresident who bought and paid, as in the instant case, in good faith, for the property, before the tax became due thereon. In the case of White v.

Grounds, 121 Okla. 171, 249 Pac. 271, this court refers with approval to the case of Pappas v. Guaranty Securities Co., 92 Okla. 25, 217 Pac. 474, and McIntosh v. Advance-Rumely Thresher Co., 117 Okla. 248, 246 Pac. 403. In the last-named case, the note was executed in Adair county, and forwarded to the plaintiff in the state of Arkansas. This court in the said opinion recites:

"The statement of facts in Pappas v. Guaranty Securities Co., and McIntosh v. Advance-Rumely Thresher Co., supra, shows that, while the notes in question there were executed in the state, yet, upon their execution, they were forwarded to non-resident owners, and only sent back to the state when due for collection, and this court very properly held that, the situs of the notes not being in the state, the owners thereof were not required to pay the tax as provided by section 9608, C. O. S. 1921, as a condition precedent to offering them in evidence."

The two propositions then are: First. The undisputed evidence showed that the note was to be transmitted immediately to the plaintiff, a resident of the state of New York. This was done, and the note was received there four days after its execution. Under authorities cited, it did not have a taxable situs at the time fixed by the statute for the payment of this tax within the state of Oklahoma. Second, the note showed on its face that by its very terms, it is due, but was accelerated by failure to pay any one of the 30-day payments, and had the suit been brought immediately upon default, it would have certainly been admissible to show the contractual obligation to pay each payment, up to the expiration of 8 months from its date. If not admissible as to the payments due more than 8 months (which I shall not discuss), even conceding that it had a taxable situs in the state, the contractual amount due after the expiration of 8 months could have been properly eliminated by a proper instruction of the trial court.

In the opinion of the writer, the judgment of the trial court in sustaining the demurrer on the ground that the note was inadmissible is reversible error, and for this court to sustain the same is reversing its position in the cases above cited, if indeed it is not giving to the statute, under the guise of a rule of evidence, an unconstitutional construction by the impairment of an obligation of a contract, which impairment did not exist at the time the plaintiff in the action became the holder in due course for value.