## O'DELL v. INDUSTRIAL ACCEPTANCE CORP.

No. 19084. Opinion Filed Dec. 17, 1929.

Rehearing Denied Jan. 28, 1930.

Commissioners' Opinion, Division No. 2.

Waldrep & Jones, for plaintiff in error.

Abernathy & Howell, for defendant in error.

HALL, C. This was an action in replevin. The petition of plaintiff contains six causes of action. Each cause of action was based upon a promissory note and a contemporaneous conditional sales contract executed by different persons and purchasers of automobiles. The notes and conditional sales contracts were executed by these persons to J. E. O' Dell, who was doing business under the trade name of O'Dell Motor Company. Immediately after the execution of these instruments, which appear to have been executed on forms furnished by the defendant in error, the Industrial Acceptance Corporation, they were assigned, indorsed, and transferred to said Industrial Acceptance Corporation at South Bend, Ind. This corporation purchased this paper at its face value, and paid for same by paying drafts attached to the paper. The plaintiff, the Industrial Acceptance Corporation, commenced its action in replevin to obtain possession of the automobiles covered by the conditional sales contracts. A trial was had, resulting in a judgment for plaintiff, from which judgment the defendant appealed.

The only question presented in this appeal is whether or not under Comp. Stat. 1921, sections 9608-9613, the court should have excluded from the testimony the evidence of the indebtedness, the promissory notes, and the conditional sales contracts upon which the various causes of action were based.

The exclusion of these promissory notes from the evidence was sought upon the ground that the duration of each of the notes was more than eight months, and that the special tax as provided in section 9608, Comp. Stat. 1921, had not been paid.

Section 9608 provides for certain special taxation of notes, bonds, and choses in action of more than eight months in duration. This tax is to be in lieu of other taxes.

Section 9613 provides as an additional penalty for failure to pay the taxes as therein provided, that such instrument upon which the special tax has not been paid, shall not be admitted in evidence in any of the courts of this state.

The notes expressly designated their place of payment to be at the office of the Industrial Acceptance Corporation at South Bend, Ind. Accompanying each note and as a part of the same transaction was a conditional sales contract disclosing, among other things, a carriage charge inuring to the Industrial Acceptance Corporation, or designated therein as "I A. C." It is expressly stated in each conditional sales contract that the interest of the seller, who in this case was J. E. O'Dell, the defendant, is transferred to the Industrial Acceptance Corporation, a Virginia corporation.

These facts clearly indicate that the notes in question were to become the property of the plaintiff; that is, it was within the contemplation of the parties that the notes were to be summarily indorsed and transferred to the plaintiff, which was a nonresident corporation. The situs which the notes gained in this state was only temporary, and such was the intention of the parties at the time of the execution of the notes. Counsel for defendant in error rely upon the case of Pappas v. Guaranty Securities Co., 92 Okla. 25, 217 Pac. 474, in which it was held that the provisions of section 9608, Comp. Stat. 1921, do not apply to bonds, notes, or choses in action, the property of nonresidents of this state which has no actual or constructive situs within the state, and are brought here only for the purpose of being used as evidence in the trial of a cause, in which the notes or bonds are involved. That case does not support the action of the trial court and the contention of defendant in error, and would settle this controversy, were it not for the fact that this court, in the recent case of Commercial Investment Trust Co. v. Farve et al., 134 Okla. 133, 273 Pac. 226, had under consideration a case involving a state of facts identical with the facts involved in the present case, and therein held that the notes could not be introduced in evidence over the objection of the adverse party, unless the tax, as provided in said section 9608 of the statutes, had been paid. In that case, to wit, Commercial Investment Trust Co. v. Farve et al., supra, the court held:

"Where the taxable situs of bonds, notes, etc., is once fixed in this state, and such bills and notes are thereafter transferred to another state and later returned to this state, the state does not lose its right to impress said property for taxes merely on account of said removal from the state.

"Where bonds, notes, etc., are taxable under section 9608, Comp. Stat. 1921, and the same have never been registered for taxation and the taxes paid thereon, such bills and notes are not admissible in evidence."

In the case of Commercial Investment Trust Co. v. Farve et al., the notes, like the notes and conditional sales contract in the present case, were drawn upon printed forms furnished by the investment company; and the notes expressly provided that they were payable in the state of New York, and these instruments clearly disclosed that this investment company was a nonresident corporation.

With these facts present, and fully considered by this court, a conclusion was reached in harmony with the contentions of plaintiff in error in the case at bar. For such reason, the judgment of the trial court is hereby reversed, and the cause is remanded for a new trial, with directions to the trial court not to receive in evidence the notes in controversy unless or until the taxes thereon, and penalties, if any, have been paid or tendered to the proper officer, which may be done under the holdings of this court in the case of Cunningham et al. v. Spencer, 111 Okla. 217, 239 Pac. 444, and cases therein cited. The statute was not intended to be a defense to a cause of action, but, instead, it is a revenue measure or a statute to promote the enforcement of such a measure.

BENNETT, JEFFREY, HERR, AND DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Taxation," 37 Cyc. p. 805, n. 70; p. 1544, n. 64.