IN THE MATTER OF THE INCOME TAX PROTEST OF RAYTHEON COMPANY2022 OK 32Case Number: 116358Decided: 04/05/2022THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 32, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

IN THE MATTER OF THE INCOME TAX PROTEST OF RAYTHEON COMPANY AND SUBSIDIARIES

RAYTHEON COMPANY AND SUBSIDIARIES Protestant/Appellant,
v.
OKLAHOMA TAX COMMISSION, Respondent/Appellee.

APPEAL FROM OKLAHOMA TAX COMMISSION

¶0 Corporate taxpayer's 2012 income tax return was due on March 15, 2013. Taxpayer filed its return on September 27, 2013, after securing a statutorily authorized extension of the deadline. Taxpayer later discovered that the return overstated the company's annual income based upon the inadvertent inclusion of Arizona property sales. The taxpayer filed an amended 2012 return on September 27, 2016, claiming a refund of $321,444.00. The Oklahoma Tax Commission denied the refund claim, reasoning taxpayer submitted its demand more than three years after paying the taxes. An administrative law judge found the claimed refund was time barred under 68 O.S.2011, § 2373

OKLAHOMA TAX COMMISSION
ORDER NO. 2016-003-24-04 IS REVERSED

DAVID ELDER, MATTHEW BROCKMAN, KEVIN B. RATLIFF, Hartzog, Conger, Cason & Neville, Oklahoma City, Oklahoma, Appellant Raytheon Company and Subsidiaries

LEE PUGH, ELIZABETH FIELD, SHARON SITZMAN, Oklahoma City, Oklahoma, Appellee State of Oklahoma ex rel. Oklahoma Tax Commission

PER CURIAM

Facts & Procedural History

¶1 Raytheon Company and Subsidiaries (Raytheon) is the principal reporting corporation for a group of affiliates doing business in Oklahoma. For tax year 2012, Raytheon made estimated tax payments totaling $626,965.00 to the Oklahoma Tax Commission (OTC).

¶2 Raytheon subsequently discovered an accounting error which resulted in an overpayment of more than twice the amount of Oklahoma taxes actually owed. Raytheon's original tax return unintentionally included sales of property from Arizona, resulting in an inflated Oklahoma sales factor.

¶3 On October 5, 2016, the OTC issued a letter denying Raytheon's claim for a refund, maintaining that the amended return "was not filed within the allowed time of three years from the date the tax was paid."68 O.S.2011, § 2373

Standard of Review

¶4 When the OTC acts in its adjudicative capacity, its orders will be affirmed on appeal if the record contains substantial evidence supporting the facts upon which the order is based and the order is free from legal error. Am. Airlines, Inc. v. State, ex rel. Okla. Tax Comm'n, 2014 OK 95341 P.3d 5668 O.S.2011, § 2373Id. Under the de novo standard of review, this Court possesses plenary, independent, and non-deferential authority to examine the issues presented. Matter of Estate of Foresee, 2020 OK 88475 P.3d 862

Analysis

¶5 Both parties acknowledge that the sole question for this Court is how to interpret the following phrase in 68 O.S.2011, § 2373

¶6 Corporations who do business in, or who derive income from sources within the state, are required to file a corporate income tax return. 68 O.S.2011, §§ 235568 O.S.2011, § 236868 O.S.2011, § 2375Id. Nevertheless, taxpayers are statutorily authorized to request an extension for filing a return. 68 O.S. 2011, § 216Id.

¶7 Corporations and individuals who erroneously overpay taxes may seek a refund of the excess sums. 68 O.S.2011, § 2373

If, upon any revision or adjustment, including overpayment or illegal payment on account of income derived from tax-exempt Indian land, any refund is found to be due any taxpayer, it shall be paid out of the "Income Tax Withholding Refund Account", created by Section 2385.16 of this title, in the same manner as refunds are paid pursuant to such section. The information filed, reflecting the revision or adjustment, shall constitute the claim for refund.

Except as provided in subsection H of Section 2375 of this title, the amount of the refund shall not exceed the portion of the tax paid during the three (3) years immediately preceding the filing of the claim, or, if no claim was filed, then during the three (3) years immediately preceding the allowance of the refund. However, this three-year limitation shall not apply to the amount of refunds payable upon claims filed by members of federally recognized Indian tribes or the United States on behalf of its Indian wards or former Indian wards, to recover taxes illegally collected from tax-exempt lands. In the case of any refund to a member of a federally recognized Indian tribe or to the United States on behalf of its Indian wards or former Indian wards, to recover taxes illegally collected on bonus payments from oil and gas leases located on tax-exempt Indian lands pursuant to this section, the Tax Commission shall pay interest on all refunds issued after January 1, 1996, at the rate of six percent (6%) per annum from the date of payment by the taxpayer to the date of the refund.

In cases where the Tax Commission and the taxpayer have signed a consent, as provided by law, extending the period during which the tax may be assessed, the period during which the taxpayer may file a claim for refund or during which an allowance for a refund may be made shall be automatically extended to the final date fixed by such consent plus thirty (30) days.

The Oklahoma Tax Commission may authorize the use of direct deposit in lieu of refund checks for electronically filed income tax returns.

(Emphasis added). Section § 2373 requires us to examine whether taxes were paid during the three-year period immediately preceding September 27, 2016--the day Raytheon submitted its amended return and claim for a refund. See 68 O.S.2011, § 2385.10Neer v. State ex rel. Okla. Tax Com'n, 1999 OK 41982 P.2d 1071Id. However, neither § 2373 nor the remainder of the Oklahoma Tax Code prescribe when a tax is considered "paid."

¶8 A logical reading of the plain text in § 2373 supports a determination that taxes are deemed paid when actually tendered to the OTC, even as estimated sums. Yet, the OTC does not dispute Raytheon's claim that quarterly remittances were not actual tax payments, but instead should be regarded as deposits to be applied against a future liability. See 68 O.S.2011, § 2357Baral v. United States, 528 U.S. 431, 436-37, 120 S.Ct. 1006, 145 L.Ed.2d 949 (2000) (explaining that "[w]ithholding and estimated tax remittances are not taxes in their own right, but methods for collecting the income tax."); Rosenman v. United States, 323 U.S. 658, 662, 65 S.Ct. 536, 85 L.Ed. 535 (1945) (recognizing that estimated sums are held as a deposit in the nature of bond rather than as a payment of taxes); see also note 6 supra. Consequently, under § 2373, Raytheon's tax liability was deemed paid either (1) when the original return was filed in September 2013; or (2) when the return was originally due in March 2013. Because § 2373 is subject to more than one reasonable interpretation, we must engage in statutory construction.

¶9 A statute is ambiguous when it is susceptible to more than one reasonable interpretation. Kohler v. Chambers, 2019 OK 2435 P.3d 109Estate of Foresee, ¶ 14, 475 P.3d at 867. Our primary goal is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language. Am. Airlines, Inc., ¶ 33, 341 P.3d at 64. Words in a statute are to be construed according to their plain and ordinary meaning unless it is clear the legislature intended a different meaning. Fanning v. Brown, 2004 OK 785 P.3d 841

¶10 According to the doctrine of in pari materia, statutes regarding the same subject matter are read together, in an effort to give the intended effect to each related provision. Shepard v. Okla. Dep't of Corr., 2015 OK 8345 P.3d 377Am. Airlines, Inc., ¶ 33, 341 P.3d at 64-65. We are obligated to provide the statute in question a reasonable construction that will avoid absurd consequences. McIntosh v. Watkins, 2019 OK 6441 P.3d 1094

¶11 As originally enacted in 1935, Oklahoma's statutory refund provision did not include any time limitation. See O.S.Supp.1936, § 12498z2.

¶12 A taxpayer is authorized to obtain an extension of the deadline to file an Oklahoma income tax return. 68 O.S.2011, § 21668 O.S.2011, § 216

The Tax Commission, whenever in its judgment good cause exists and pursuant to written request, may grant a reasonable extension for the filing of any return required under any state tax law. The Tax Commission shall keep a record of every extension granted with the reason therefor. Except in the case of corporation income or franchise tax returns, if franchise tax returns are filed at the same time as the corporate tax return, the time for filing any return may not extend in the aggregate later than one-half (1/2) the period of time for which any such return is filed under the particular state tax law involved nor may any such extension extend the date on which any payment of a state tax is due. An extension not to exceed seven (7) months for the filing of corporation income or franchise tax returns, if franchise tax returns are filed at the same time as the corporate income tax return, shall be allowed. Any extension granted for the corporate income tax return shall be deemed to cover the filing of a franchise tax return if a taxpayer elects to file the franchise tax return at the same time as the corporate income tax return. An extension shall not extend the date for payment of the state income or franchise tax due. In case an extension is granted, the taxpayer may file a tentative return on or before the date when the return is required by any state tax law showing the estimated amount of tax for the period covered by the return and may pay the estimated tax or the first installment thereof at the time of filing such tentative return and no interest or penalty shall attach or be payable on sums so paid in due course.

The last clause of § 216 relieves the taxpayer from an obligation to pay penalties and interest on sums tendered in connection with an extension. We do not believe § 216 was intended to establish when taxes were deemed paid. Instead, § 216 was enacted to ensure taxpayers accurately calculate estimated taxes and tender the majority of their final expected liability to avoid imposition of interest and penalties. OTC regulations bolster our reading of § 216. Under OAC § 710:50-3-4 (2011), taxpayers are not obligated to tender one-hundred percent of their tax obligation at the time of securing an extension to file a return. This section reads:

A valid extension of time in which to file a Federal Income Tax Return automatically extends the due date of the Oklahoma Income Tax Return, unless an Oklahoma liability is owed. A copy of the Federal extension must be attached to the Oklahoma Return. If the due date for filing the Federal Return is not extended or if an Oklahoma liability is owed, an extension of time to file the Oklahoma Return may be granted only by OTC Form 504. Ninety percent (90%) of the tax liability must be paid by the original due date for the return to avoid penalty charges for late payment. Interest will be charged from the original due date of the return.

¶13 The OTC also maintains that 68 O.S.2011, § 2375

At the time of transmitting the return required hereunder to the Oklahoma Tax Commission, the taxpayer shall remit therewith to the Tax Commission the amount of tax due under the applicable provisions of Section 2351 et seq. of this title. Failure to pay such tax on or before the date the return is due shall cause the tax to become delinquent. If the return is filed electronically, the amount of the tax due pursuant to the provisions of this article shall be due on or before the twentieth day of April following the close of the taxable year regardless of when the return is electronically filed. The tax shall be deemed delinquent if unpaid after the twentieth day of April if the return is electronically filed. Provided, if the Internal Revenue Code provides for a later due date for returns of individuals, the Tax Commission shall accept payments made with returns filed by individuals by such date and such payments shall be considered as timely paid.

(Emphasis added). Thus, under § 2375(A), taxes are deemed due and paid when a return is filed. In this case, Raytheon paid all of the tax due, plus an additional $321,444.00 based on the error it later discovered. It is important to note that this overpayment was not due to any error in assessment made by the OTC. Raytheon's refund request is not based upon questionable tax liability or a dispute between the taxpayer and the OTC. The refund request is not based upon a change in law or a protest with the IRS. No payment was due because the amount of money in question from the sales of property in Arizona should not have been included in the Oklahoma calculation. OTC had no jurisdiction over the Arizona income and could not have attempted to assess liability for that income in the event Raytheon's return was filed without the error.

¶14 Examination of the federal income tax refund scheme is helpful in this case because Oklahoma's system is closely associated with the Internal Revenue Code. See e.g. 68 O.S.2011, § 2353

(a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

(b) Limitation on allowance of credits and refunds.--

(1) Filing of claim within prescribed period.--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

(2) If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

(Emphasis added). Thus, under the IRC, the time for any authorized extension is included in the limitations period for refund claims brought within three years of the date the original return was filed. Notwithstanding, the OTC urges this Court to ignore § 6511 and follow only 26 U.S.C. § 6513(b)(2). This section provides that "[a]ny amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)" (emphasis added). Under this section of the IRC, Raytheon's federal taxes would be deemed paid on or about March 15, 2013. The OTC's contention that it should apply to this case ignores the fact that the Oklahoma Tax Code contains nothing similar. OTC's argument also fails because, under the IRC, Raytheon's refund claim would be punctual. It should be noted that the OTC is authorized to make assessments of additional taxes owed "(3) years from the date the return was required to be filed or the date the return was filed, whichever period expires the later." 68 O.S.2011, § 223

¶15 Prior opinions dealing with § 2373 do not resolve the precise issue presented here: whether an income tax return filed with an extension affects the date tax is deemed paid. One such case urged by the OTC as support for its position on appeal is Neer v. State ex rel., Oklahoma Tax Commission, 1999 OK 41982 P.2d 1071Neer, we were asked to examine § 2373 in connection with a refund sought by an Oklahoma taxpayer.Id. at ¶ 20, 982 P.2d at 1079. Additionally, the Court concluded that the three-year period in § 2373 commenced when the Neers' tax obligation was paid, and affirmed the OTC's denial of the refund. Id. at ¶ 24, 982 P.2d at 1080.Neer helps us resolve the question we face in the present matter.

¶16 Further examination of our prior decisions reflects the uncertainty around the deemed-paid date. For example, in Manhattan Const. Co. v. Oklahoma Tax Commission, we explained that estimated payments are not taxes paid "but simply constituted a deposit to be applied on the tax after the close of the taxable year and upon the filing of a return." 1951 OK 14233 P.2d 279Manhattan Const. supports a finding that the deemed-paid date is the date of filing, not the original due date. In Oklahoma Tax Commission v. Oven, the Court concluded that "the [filed] return, tender, and acceptance" prior to the original due date, "constituted a payment." 1959 OK 79338 P.2d 1095see also 68 O.S.2011, § 2375

¶17 Raytheon contends that as a tax statute, § 2373 should be strictly construed against the State, citing Strelecki v. Okla. Tax Comm'n, 1993 OK 122872 P.2d 910TOMRA of N. Am., Inc. v. Dept. of Treasury, 952 N.W.2d 384, 389 (Mich. 2020) (quotation & footnote omitted) the Court explained:

We take this opportunity to clarify that because the canon requiring strict construction of tax exemptions does not help reveal the semantic content of a statute, it is a canon of last resort. That is, courts should employ it only when an act's language, after analysis and subjection to the ordinary rules of interpretation, presents ambiguity.

See also City and Cnty. of Denver v. Expedia, Inc., 405 P.3d 1128, (Colo. 2017) (concluding "policy preference regarding tax burdens was never intended to displace other canons designed to help resolve doubts, or ambiguity."); America, Inc. v. Department of Treasury, State v. Thonesavanh, 904 N.W.2d 432, 440 (Minn. 2017) (noting that the rule of lenity only applies after traditional canons of construction have been exhausted; also recognizing "[i]t is not. . . some sort of grand canon that towers over all the others and allows a defendant to prevail in every instance in which a criminal statute is ambiguous.").

¶18 There is no dispute that Raytheon substantially overpaid its income taxes. After examining our prior decisions, related state and federal statutes, and OTC regulations pertaining to tax refunds, we hold that Raytheon's taxes were deemed paid when it filed its 2012 return on September 27, 2013. Therefore, the claim for refund is timely. By resolving this dispute in favor of the taxpayer, we are best able to harmonize §§ 216, 2373 and 2375, and to carry out legislative objectives in the comprehensive statutory scheme. First, a taxpayer is statutorily authorized to request an extension to file the required income tax return. If we utilize the original due date for a tax return, without regard to an extension, we would impede a taxpayer's statutory right to extend the deadline. Second, by utilizing the filing date in this case Raytheon is better able to submit the most complete picture of the company's income and tax obligation. It makes little sense to consider the taxes paid prior to presentation of an income tax return.68 O.S.2011, § 2375when a return is filed. Third, under OTC regulations a taxpayer is not required to have tendered one-hundred percent of their tax obligation at the time an extension is sought. See OAC, § 710:50-3-4 (2011) (requiring payment of ninety percent (90%) of the total tax liability by the original due date to obtain an extension and to avoid penalties). This regulation is an acknowledgment that estimated payments are merely an approximation of a taxpayer's total liability. The statutes and regulations merely impose a due diligence requirement on a taxpayer to avoid underestimating their tax obligation. Finally, our conclusion is consistent with the federal refund scheme, which includes the period of any extension to file an income tax return.

Conclusion

¶19 We hold Raytheon's corporate income tax liability was paid when the company filed its Oklahoma Corporation Income Tax Return on September 27, 2013. A timely claim for a refund was submitted on September 27, 2016, when Raytheon filed its Oklahoma Amended Corporation Income Tax Return. Therefore, Raytheon's claimed income tax refund was timely under 68 O.S. 2011, § 2373

OKLAHOMA TAX COMMISSION
ORDER NO. 2016-003-24-04 IS REVERSED

KANE, V.C.J., KAUGER (BY SEPARATE WRITING), EDMONDSON, COMBS, GURICH, ROWE, AND KUEHN, JJ., AND REIF, S.J., CONCUR;

DARBY, C.J., CONCURS IN RESULT (BY SEPARATE WRITING);

WINCHESTER, J., DISQUALIFIED.

FOOTNOTES

68 O.S.2011, § 2368

68 O.S.2011, § 2358

68 O.S.2011, § 2375

Neer v. State ex rel. Okla. Tax Comm'n, 1999 OK 41982 P.2d 1071Neer decision found that § 2373 contained "no inconsistency, ambiguity, or uncertainty. . . .in relation to the issue before us." Id. ¶ 16, 982 P.2d at 1078 (emphasis added). The Neer opinion did not consider when estimated taxes or withholdings are deemed paid for purposes of § 2373. In fact, the Neers conceded the date their taxes were paid; the only questions were whether § 2373 represented a statute of limitations or statute of repose, and whether the Neers' refund claim was untimely. See infra ¶ 14 of this opinion.

68 O.S. § 237368 O.S.Supp.1965, § 232268 O.S.Supp.1965, § 232268 O.S.1971, § 2373

See Revenue Act of 1942, Pub. L. No. 77-753, ch. 619, § 169(a), 56 Stat. 790, 876. With the Revenue Act of 1942, Congress added language to provide that estimated sums shall be deemed paid "on the last day prescribed by law," which "shall be determined without regard to any extension of time." § 169(a), 56 Stat. at 877. In 1954, Congress enacted the Internal Revenue Code of 1954, and the federal refund provisions were renumbered as 26 U.S.C. §§ 6511, 6513. Internal Revenue Code of 1954, Pub. L. No. 83-591, ch. 736, 68A Stat. 3, 808-12 (codified at 26 U.S.C. §§ 6511, 6513 (1954)). The 1954 Act likewise provided that estimated sums shall be deemed paid "on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)." Id. Section 6511 was amended in 1958, to enlarge the look-back period for tax refunds, to wit: "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Technical Amendments Act of 1958, Pub. L. No. 85-866, § 82(b), 72 Stat. 1606, 1663 (codified as amended at 26 U.S.C. § 6511(b)(2)(A)).

See also 68 O.S.2011, §2385.16

Id. ¶ 6, 982 P.2d at 1074. In June of 1994, the Neers were notified by the State of New York that certain retirement benefits they had received in 1991 were subject to taxation in that state. Id. ¶¶ 5-7, 982 P.2d at 1074. Initially, the Neers disputed the New York assessment; however, after their tax challenge was exhausted the Neers paid the liability in September 1995. Id. ¶ 8, 982 P.2d at 1074. In November of 1995, the Neers filed an amended Oklahoma return and sought a refund for overpayment of their 1991 income taxes. Id. ¶ 9, 982 P.2d at 1074-75. Finally, the Court reasoned that the Neers had paid their income tax when they filed their return in April of 1992; thus, regardless of the unforeseen tax liability in New York, the Neers' claim was extinguished three years after filing their return. Id. at ¶ 24, 982 P.2d at 1080.

But cf. Matlock v. State ex rel. Okla. Tax Comm'n, 2001 OK CIV APP 10429 P.3d 61468 O.S. § 2373Matlock is inapposite because (1) the taxpayers in that case failed to timely file a return when originally due and did not request an extension; and (2) taxpayers were individuals and not corporations. Thus § 710:50-9-2 specifically applied to the facts presented. Notwithstanding, OTC noted in its Answer Brief that the agency is not relying on Okla. Admin. Code § 710:50-9-2 to reach its conclusion that Raytheon's refund claim is out of time. Appellee's Answer Brief, p. 12.

Strelecki was whether a U.S. Supreme Court decision was entitled to retroactive application for purposes of the refund claim, not whether § 2373 was ambiguous or capable of two reasonable interpretations. Strelecki, ¶ 3, 872 P.2d at 912. On appeal, for the first time, the OTC argued that under 68 O.S. §§ 2373Id. ¶ 16, 872 P.2d at 919. Neither statute was alleged to contain a purported ambiguity under the facts in Strelecki. Although the Strelecki decision involved a refund claim, the Court's recitation of the "strict construction" requirement not consistent with other Oklahoma authority. For example, in R.R. Tway, Inc., v. Oklahoma Tax Commission, 1995 OK 129910 P.2d 972

In effect, the refund is similar to a tax deduction or exemption reducing tax liability for those taxpayers who decide to use it. Tax exemptions and deductions are matters of legislative grace subject to the controlling authority of either the Constitution or the Oklahoma Constitution. Because the exemption is granted by, and within the power of, the Legislature, a court will not construe a tax exemption so as to enlarge its scope.

68 O.S.2011, § 223

 

 

KAUGER, J., concurring specially:

¶1 I agree with the majority, but because the taxpayer is not seeking a refund from any property with any Oklahoma taxable situs, this cause is also about a mistake, or a scrivener's error including property in which Oklahoma has no jurisdiction. Property must have either an actual or constructive situs within a state in order to give it a taxable situs in the state. A state has power to fix the time at which property within its jurisdiction may acquire a taxable situs, but it cannot fix the taxable situs of a thing which has never come into the state and over which it is without power to control. In re Harkness' Estate, 1921 OK 329Pappas v. Guaranty Securities, Co., 1923 OK 556217 P. 474McIntosh v. Advance-Rumley Thresher Co., 1926 OK 438246 P. 403

¶2 This is not the typical or ordinary tax refund proceeding. It is a recoupment proceeding for the restoration of monies improperly obtained by the OTC which resulted in an unjustly enriched windfall of money which it had no authority to collect. Title 68 O.S. 2011 §202

¶3 Pursuant to the "Uniform Tax Procedure, 68 O.S. 2011 §211

When, to secure compliance with the provisions of this article or any other State tax law, money or securities have been deposited with the Tax Commission, and the Tax Commission is satisfied that the taxpayer has complied with all tax laws and has, through independent payment or through authorization granted by the taxpayer to the Tax Commission to satisfy such tax indebtedness out of the money or securities deposited, paid all taxes due the State, then the Tax Commission shall return to the owner all or such part of the deposited money or securities as remains after the liquidation of taxpayer's tax liability.

If such money or securities have by the Tax Commission been deposited with the State Treasurer, then the Tax Commission shall, under the circumstances above stated, notify the Treasurer that the money or securities, or such part as the Tax Commission shall direct, should be returned to the owner. (Emphasis supplied.)

¶4 This is precisely what happened here. Neither party relies on this statute, but we are required to take judicial notice of 68 O.S. 2011 §211

CONCLUSION

¶5 This State has long required prompt payment of a tax as a condition precedent for testing the validity of the tax, and the fundamental fairness of such a requirement rests on the taxpayer's ability to eventually receive a refund of invalid taxes.68 O.S. 2011 §211

FOOTNOTES

68 O.S. 2011 §202

The terms defined in this section shall, in this article, be construed as follows:

(a) The term "Tax Commission" shall mean the Oklahoma Tax Commission;

(b) The term "state tax" shall mean any tax which is payable to, collectible by or administered by the Oklahoma Tax Commission; . . .

12 O.S. 2011 §2201

A. Judicial notice shall be taken by the court of the common law, constitutions and public statutes in force in every state, territory and jurisdiction of the United States.

Exchange Oil Co. v. State, 1920 OK 80193 P. 999

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

Continental Oil Co. v. Oklahoma Tax Commission, 1972 OK 30494 P.2d 650

68 O.S. 2011 §21168 O.S. 2011 §225

G. If the appeal be from an order, judgment, finding, or ruling of the Tax Commission other than one assessing a tax and from which a right of appeal is not otherwise specifically provided for in this article the Uniform Tax Procedure Code, any aggrieved taxpayer may appeal from that order, judgment, finding, or ruling as provided in this section. The filing of such an appeal shall supersede the effect of such order, judgment, ruling, or finding of the Tax Commission.

H. This section shall be construed to provide to the taxpayer a legal remedy by action at law in any case where a tax, or the method of collection or enforcement thereof, or any order, ruling, finding, or judgment of the Tax Commission is complained of, or is sought to be enjoined in any action in any court of this state or the United States of America.

 

 

DARBY, C.J., concurring in result:

¶1 I concur in the Court's result that Raytheon's 2012 amended corporate income tax return was timely filed within three (3) years of the tax being paid, but write separately to explain my understanding of this Court's rules of construction with respect to revenue or tax statutes. Revenue statutes, those designed to raise funds for the operation of government, are penal in nature and are strictly construed against the state in cases of ambiguity. Globe Life & Accident Ins. Co. v. Okla. Tax Comm'n, 1996 OK 39913 P.2d 1322See TPQ Inv. Corp. v. State ex rel. Okla. Tax Comm'n, 1998 OK 13954 P.2d 139Id. But that is not the case here; Raytheon's refund is not the result of a claimed exemption or credit. Instead Raytheon's claim involves the refund of excess corporate income tax paid in error based on the miscalculation of its sales apportionment factor.

¶2 In my view the statutes that relate to the filing of the return, the payment of the tax, and claim for refund put in issue three relevant dates: the required due date for filing the corporate income tax return; the required due date for the payment of the tax; and the date the tax liability is actually paid. In this case there are ambiguities in determining when a tax is considered "paid," 68 O.S. §237368 O.S. §237568 O.S. §101et seq., contemplates as much as evidenced by the significant penalties to be imposed in the event a taxpayer is delinquent or the amount of tax paid is deficient. See e.g., 68 O.S. §237568 O.S. §237568 O.S. §21768 O.S. §217

¶3 The Tax Commission makes much of when a tax is delinquent to support their conclusion that a tax is "deemed paid" on the original due date of the return--the original due date of the return being the date required as set out in 68 O.S. §236868 O.S. §216

¶4 Raytheon, however, relies on section 2375 to support its conclusion that the tax is paid when the return is filed and the liability established. Section 2375 provides that "[a]t the time of transmitting the return required . . . the taxpayer shall remit . . . the amount of tax due. . . ." and "[f]ailure to pay such tax on or before the date the return is due shall cause the tax to become delinquent." 68 O.S. §2375

¶5 In most cases, a valid federal extension "automatically extends the due date of the Oklahoma Income Tax Return. . . ." OKLA. ADMIN. CODE §710:50-3-4. The Commission may grant an extension to file any return required under state law; that is, the OTC may extend the required due date for filing the corporate income tax return. See 68 O.S. §216

¶6 Section 216 is found in the Uniform Tax Procedure Code, 68 O.S. §201et seq., and its language is to control "[u]nless otherwise expressly provided in any state tax law. . . ." 68 O.S. §20168 O.S. §237568 O.S. §2375

¶7 There then appears to be a conflict between the following statutes and administrative rule about when a tax is considered delinquent: sections 2375(A) and (B), the OTC's interpretation of section 216, and OKLA. ADMIN. CODE §710:50-3-4.

¶8 It is unclear to me how the majority finds section 2373 ambiguous, Op. ¶ 7, resolves the ambiguity by generalized recitations of rules of statutory construction, Op. ¶¶ 8-9, but later discerns the ability to ascertain legislative intent as to section 2373, Op. ¶ 16.

¶9 I agree that section 2373 is ambiguous regarding when a tax is "paid." Additionally, it appears to me that section 2375 is ambiguous concerning when a return is required to be transmitted with the "amount of tax due." Section 2375 could reasonably mean the return was required to be filed on the "original due date" set out in section 2368, or mean the required due date as extended by either an IRS extension or OTC extension.

¶10 In my view, however, because ordinary cannons of statutory construction do not resolve those ambiguities, I would apply this Court's well-established rule of interpretation regarding tax statutes--that in the case of any ambiguity or doubt, this Court strictly construes tax statutes in favor of the taxpayer, the individual/entity upon whom the burden of the tax is sought to be imposed. McGannon v. State, 1912 OK 384124 P. 1063See also Assessments for Tax Year 2012 of Certain Props. Owned by Throneberry v. Wright, 2021 OK 7481 P.3d 883Video Gaming Techs., Inc. v. Tulsa Cty. Bd. of Tax Roll Corr., 2019 OK 84455 P.3d 918Williams v. Smith & Nephew, Inc., 2009 OK 36212 P.3d 484Samson Hydrocarbons Co. v. Okla. Tax Comm'n, 1998 OK 82976 P.2d 532Sherrill v. Deisenroth, 1975 OK 136541 P.2d 862Western Auto Supply Co. v. Okla. Tax Comm'n, 1958 OK 144